# CHARLESTON.

J. D. LILLY *et al. v.* NADINE D. REMSEN *et al.*

(No. 5429)

Submitted February 23, 1926.   Decided March 2, 1926.

HUSBAND AND WIFE—*Chattels of Married Woman Are Not Subject to Distress for Rent Due Under Contract Between Her Husband and Landlord ( Const. Art. 6, § 49; Code, c. 66, § 3; Chapter 93, § 11).*

In this State the chattels of a married woman are not subject to distress for rent due under a rental contract between her husband and the landlord.

(Landlord and Tenant, 36 C. J. § 1620.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Raleigh County.

Action by J. D. Lilly and others against Nadine D. Remsen and others. Judgment for plaintiffs, and defendants bring error.

*Reversed and judgment entered.*

*M. L. Painter,* for plaintiffs in error.
*Ashworth & Ashworth,* for defendants in error.

LITZ, PRESIDENT:

Under an agreed statement of facts, the circuit court of Raleigh County entered a judgment in favor of the plaintiff for $149.43.

It is not necessary in a decision of this case to detail the facts submitted, as the only question presented here is a legal one, i. e., is the wife's separate property found on premises leased by the husband, subject to distress for rent?

In support of the judgment of the lower court, the plaintiff cites 36 C. J. 1620, 16 R. C. L. 1015, some Pennsylvania cases, and one case from Ontario. Both Corpus Juris and Ruling Case Law hold that the property of the tenant's wife, found on the leased premises, is liable to distress for rent in arrears. Ruling Case Law bases this statement solely on the case of *Blanche* v. *Bradford,* 38 Penn. 344. Corpus Juris also supports its text by that case, but cites several other Pennsylvania decisions and the case of *Pegg* v. *Starr,* 23 Ont. 83. The opinion in the case of *Blanche* v. *Bradford* is based on what it terms a general rule of law, which makes ''All the goods and chattels found on demised premises subject to distress for rent thereof, even though they be not the tenant's goods''. The opinion admits some exceptions to the rule, but states that none of the exceptions involves any principle that can protect the property of the tenant's wife, who lives on the premises with the tenant. The other Pennsylvania decisions are based on the same doctrine, which is nothing more or less than *the common law rule.* The case of *Pegg* v. *Starr* involved the rights of a third person, whose property had been seized under a distress warrant; and is also decided under the common law rule. Neither the Ontario, the Pennsylvania cases, nor the authorities founded thereon can have any weight in the decision of the present case, because the common law rules as to distress for rent, and as to the rights of a married woman to her separate estate, have been changed by statute in West Virginia. In this State the landlord can no longer levy a distress against all goods found on the property, but is limited strictly to such goods of the *lessee, or his assignee, or his under-tenant,* as may be found thereon. Sec. 11, Chapter 93, Code. In order that there should be no mistake about the matter, the Legislature expressly declared, in the closing sentence of that section, ''No goods shall be liable to distress other than such as are declared to be so liable in this section.'' *Electric Co.* v. *Martin,* 99 W. Va. 519 (528).

The stipulation of facts states that the property in this case is the sole and separate property of the wife, and that the rent in arrears was the debt of the husband. The wife was not "the lessee, his assignee, nor his under-tenant." *Church et al. v. Iron Co.,* 112 Va. 694, under a statute similar to ours, held: "Distress for rent will not lie unless the relation of landlord and tenant exists between the parties. The right is not only incident to that relation, but is dependent upon it." Distress on the property of the wife for rent due from the husband was therefore illegal.

If further support were needed for this conclusion, reference may be had to Section 3, Chapter 66, Code, wherein under express authority conferred on it by Section 49, Article VI. Constitution, the Legislature has declared that the separate property of a married woman shall not be liable for the debts of her husband. See *Wallace* v. *Johnson,* 17 S. C. 454, wherein it was specifically held that a constitutional provision, protecting generally the property of a wife from the husband's debts, exempted it from distress for rent due from the husband.

For the foregoing reasons the judgment of the lower court will be reversed, and judgment entered here for defendants.

*Reversed and judgment entered.*